UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHANE JOSEPH MITCHELL, | Case No.: 1:16 CV 2303 |
| Plaintiff | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant | <u>ORDER</u> |

The Commissioner of Social Security Administration ("Commissioner") denied disability benefits and supplemental security income to Plaintiff Shane Joseph Mitchell ("Plaintiff"or "Mitchell"), in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge Jonathan D. Greenberg ("Magistrate Judge" or "Judge Greenberg") for preparation of a Report and Recommendation ("R & R"). Both parties submitted briefs on the merits. Plaintiff requested an order reversing the Commissioner's decision on the basis that the Administrative Law Judge's ("ALJ") determination at Step Five of the Sequential Evaluation, that Mitchell had residual functional capacity for light work based on a significant number of jobs available to him, was not supported by substantial evidence. Mitchell contended that the ALJ erred by relying on the Vocational Expert's ("VE") testimony that Plaintiff could perform, without the use of his right arm, the identified occupations of Laundry Sorter, Remnant Sorter, and Video Monitor. The Commissioner sought final judgment upholding the decision below.

Judge Greenberg submitted his R & R (ECF No. 15) on July 24, 2017, concluding that the court should affirm the Commissioner's final decision. Specifically, the Magistrate Judge rejected Mitchell's assertion that, because he is unable to perform a full range of light work due to right upper extremity limitation, he was, based on the definition of "light work" set forth in Social Security Ruling 83-10, categorically incapable of performing any such work. (R & R at 7–8.) Judge Greenberg also found that, contrary to Plaintiff's assertions, there was no contradiction between the VE's testimony and the Dictionary of Occupational Titles ("DOT") because the DOT does not address the matter upon which the VE's testimony touched—whether the three identified occupations require bilateral arm and hand use. (*Id.* at 8–11.) Finally, the Magistrate Judge concluded that Mitchell failed to demonstrate that the number of jobs—201,880 identified by the VE available to Plaintiff in the national economy—was inaccurate or unreliable. (*Id.* at 11–12.) As of the date of this Order, Plaintiff had not filed Objections to the Magistrate Judge's R & R.

The court finds, after careful *de novo* review of the Magistrate Judge's R & R and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own Judge Greenberg's Report and Recommendation (ECF No. 15). The court hereby affirms the Commissioner's final decision.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

August 14, 2017